UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JEREMY FARRIS | * | CIVIL ACTION NO. 6:19-cv-108 |
| | * | |
| VERSUS | * | JUDGE ROBERT R. SUMMERHAYS |
| | * | |
| BRIAN DANA JEFFERSON, MICHAEL BISHOP, AND NATIONAL LIABILITY AND FIRE INSURANCE COMPANY | * * * | MAGISTRATE JUDGE PATRICK J. HANNA |
| | * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO LIMIT TESTIMONY OF PLAINTIFF'S ECONOMIST, RANDOLPH RICE**

*MAY IT PLEASE THE COURT:*

Defendants, Brian Dana Jefferson, Michael Bishop, and National Liability & Fire Insurance Company, submit this Memorandum in support of their Motion in Limine to Limit Testimony of Plaintiff's expert economist, Randolph Rice, Ph.D. Specifically, Defendants move for an Order precluding Dr. Rice from offering any testimony or calculations (1) using Plaintiff's "'full' Social Security benefits" as his work-life expectancy and (2) assuming that Plaintiff will not return to the workforce. To be clear, Defendants do not seek to exclude Dr. Rice from testifying as an expert witness under *Daubert*; rather, Defendants simply seek to limit Dr. Rice's testimony as outlined herein.

**A.  SOCIAL SECURITY RETIREMENT AGE IS NOT A RELIABLE ESTIMATE OF WORK LIFE EXPECTANCY.**

In his expert report, Dr. Rice calculates Plaintiff's future work-life-expectancy using the Journal of Forensic Economics, 2011, produced by Skoog, Ciecka, and Krueger, at 22.62 years. However, he also includes "[f]or [Plaintiff's counsel's] information," calculations based on the qualifying age of full Social Security benefits at age 67, or 33.30 years.

1

As recently discussed by this Court in *Mays v. Chevron Pipe Line Co.*, 14-cv-3098-BAJ-CBW, Doc. 204 (W.D. La. Jan. 16, 2019); 2019 WL 244299, economic loss calculations based on the assumption that a plaintiff would have worked to his full Social Security Administration retirement age is not relevant and will not assist the jury. *Id*. at *2. This is consistent with the United States Fifth Circuit's ruling in *Barto v. Shore Construction, LLC*, 801 F.3d 465 (5th Cir. 2015):

> A damages award for future lost wages should generally be based upon a seaman's work-life expectancy, meaning "the average number of years that a person of a certain age will both live and work." *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478 (5th Cir.1984). "Such an average is not conclusive. It may be shown by evidence that a particular person, by virtue of his health or occupation or other factors, is likely to live and work a longer, or shorter, period than the average." Id. "Absent such evidence, however, computations should be based on the statistical average." *Id*.

*Id*. at 475. The Fifth Circuit has long held that the Social Security Retirement Age Table, which is not based on statistical data, is not a reliable method of determining future loss of earnings. *See Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478-79 (5th Cir. 1984).

Accordingly, Dr. Rice should be precluded from presenting any evidence or testimony based on the qualifying age of full Social Security benefits as such calculations are unreliable and irrelevant. Dr. Rice's testimony should he limited to his calculations using the Journal of Forensic Economics, 2011, produced by Skoog, Ciecka, and Krueger.

**B.     THERE IS NO EVIDENCE THAT PLAINTIFF CANNOT OR WILL NOT RETURN TO THE WORKFORCE.**

In his expert report, Dr. Rice includes a calculation for Plaintiff's future loss of earnings based on assumption that Plaintiff will not return to the workforce. *See* Exhibit A, at p. 2. There is no evidence whatsoever that Plaintiff will not return to the workforce. Indeed, Dr. Rice indicates in his report that Plaintiff's vocational rehabilitation expert, Stephanie Chalfin, identified jobs

Plaintiff could be expected to fulfill in the future. *Id*. at p. 3.[1] Permitting Dr. Rice to offer testimony regarding a calculation for Plaintiff's future loss of earnings based on assumption that Plaintiff will not return to the workforce would be irrelevant and confusing to the jury. Accordingly, Dr. Rice should be precluded from presenting any evidence, testimony, or calculations based on an assumption that Plaintiff will not return to the workforce.

## CONCLUSION

Social security retirement age is not a reliable indicator of work life expectancy. Plaintiff should be precluded from offering any evidence or testimony, including calculations by Dr. Rice, using social security retirement age as Plaintiff's work-life expectancy. Similarly, there is no evidence that Plaintiff will not return to the workforce. Rather, Plaintiff's own vocational rehabilitation expert has outlined jobs Plaintiff could reasonably be expected to do. As such, Dr. Rice should be precluded from presenting calculation based on an assumption that Plaintiff will not return to the workforce.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By:   *s/ Franklin "Drew" Hoffmann*
Lottie L. Bash (LA #26186)
lbash@fairclothlaw.com
Laura Beth Matthews (LA #33862)
lmatthews@fairclothlaw.com
105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

Franklin "Drew" Hoffmann (LA #35824)
dhoffmann@fairclothlaw.com
Madaline King (LA #38301)
mking@fairclothlaw.com

---

[1] Chalfin relies on the opinion of Plaintiff's treating physician, Dr. David Muldowney, who has opined that Plaintiff will be restricted to light duty.

Phone: (225) 343-9535

**ATTORNEYS FOR BRIAN DANA JEFFERSON, MICHAEL BISHOP, and NATIONAL LIABILITY & FIRE INSURANCE COMPANY**