## G. RANDOLPH RICE, PH. D.

ECONOMICS
7048 MONITEAU COURT
BATON ROUGE, LOUISIANA 70809

PROFESSOR EMERITUS
ECONOMICS
LOUISIANA STATE UNIVERSITY
BATON ROUGE, LOUISIANA

(225) 927-4546
(225) 921-7071
FAX (225) 927-2568
grrice12@yahoo.com

March 19, 2020

Mr. Jason M. Welborn
Attorney at Law
P.O. Box 81037
Lafayette, LA 70598

Re: *Mr. Jeremy Farris*

Dear Mr. Welborn:

The following is a summary of some economic calculations that I have prepared pursuant to the trial in which you represent Mr. Jeremy Farris, scheduled for October 5, 2020.

Materials provided to me in this matter included:

– Cover letter w/Checklist Data (Date of Birth; etc.): 3/16/2020;
– Report: Stephanie P. Chalfin, M.S. (March 16, 2020);
– Social Security Administration "Statement of Earnings"; and
– Tax Returns, 2016-2017.

Mr. Farris was born January 13, 1987; the date of his accident was June 12, 2018. According to a current paradigm produced by Skoog, Ciecka and Krueger, *Journal of Forensic Economics*, 2011, Mr. Farris' future work-life expectancy from the trial date (i.e., for a male of his age with less than a high school education) is given as +22.62 years. For your information, a calculation is also provided that assumes Mr. Farris' future work-life would extend consecutively until qualifying for "full" Social Security benefits at age sixty-seven, or +33.30 years from 10/05/2020.

The report from Ms. Chalfin advises that at the time of his accident, Mr. Farris' weekly rate of pay (w/Ray's Construction) was about $416.00. This figure is used as our benchmark income for making the calculations below.

Mr. Jason M. Welborn
March 19, 2020
Page 2

The potential economic losses in this case are comprised of both past and future amounts. The prospective past earnings foregone can be represented by those wages which Mr. Farris might have received from the date of his accident in 2018 until the trial date in 2020 but did not owing to his injuries. Assuming the income level as explained in the preceding paragraph in this regard, an estimate of the past wage "losses" is $50,336.00.

In viewing future earning capacity, it is generally not to be expected that an individual would receive constant amounts over time. Thus, in this spirit and attributable primarily to anticipated inflationary pressures, I have applied an average annual rate of growth in nominal earnings of 2.5 percent, beginning with the base income noted above, for each year of Mr. Farris' future work-life.

After these increases, we can reduce the year-to-year "projections" to a current (@ trial) lump-sum equivalent by applying a discount rate. Three factors determine the choice of a fair rate of discount: (1) safety for the "invested" monies; (2) "liquidity" sufficient to permit replacing the dollars on a schedule coincident with the point-in-time when they would have been earned; and (3) availability in today's financial markets. Accordingly, a discount rate of 2.25 percent is used.

With these data, the alternative discounted/present values of Mr. Farris' future earning capacity (absent-injury) are:

– For 22.62 subsequent years of work-
  life expectancy, Skoog, et al ................................................... $503,697.00

– For 33.30 future years of work-life,
  or chronologically to age sixty-seven ..................................... $751,361.00

The sums of the past estimate of $50,336.00 and these present values of future amounts are **$554,033.00** and **$801,697.00**, respectively.

In the event that Mr. Farris can return to work in the future but at a lesser rate of pay than he previously enjoyed, then the issue becomes the diminution of earnings during the remainder of his work-life (discounted to the trial date). For example, should he be able to secure year-round employment paying the mid-point

Mr. Jason M. Welborn
March 19, 2020
Page 3

of the $8.50-to-$9.50 per hour wage range ($9.00 per hour/$18,720.00 per annum) ... given by Ms. Chalfin on this point ... and retain similar type jobs for the next 22.62/ 33.30 years, the present values of such (applying the same wage growth factor and discount rate as used with the higher income option) are $435,892.00 (+22.62 years) and $650,217.00 (+33.30 years). Thus, the net <u>future</u> discounted wage "losses" per the circumstances here are:

- Base Income (absent-injury): $416.00/week ($21,632.00/annum)
  <u>versus</u> ...return-to-work @ $9.00/hour ($18,720.00/annum)

+22.62 years of Work-Life Expectancy
[$503,697.00 <u>less</u> $435,892.00]

"Losses" = $67,805.00

+33.30 consecutive years to Age Sixty-Seven
[$751,361.00 <u>less</u> $650,217.00]

"Losses" = $101,144.00

<u>Adding</u> our past estimate of $50,336.00 and these future "differentials" give overall values, in turn, of **$118,141.00** and **$151,480.00**.

Ms. Chalfin also indicates: "Pre-accident Mr. Farris had the capacity to engage in occupations that provided higher wages." Adopting the average wages for the four (4) listed occupations, the progressive annual incomes are: 10th percentile/"entry level" ($24,934.00); 50th percentile/"mid-career" ($35,838.40); and 90th percentile/e.g., @ end of work-life expectancy ($51,199.20). Computing "real wage" increase between these discrete levels of pay <u>and</u> simultaneously accounting for cost-of-living overlays versus discounting to time of trial by applying a "real/below-market discount rate" (0.75%), the present values of this <u>future</u> career profiles (absent-injury) are $748,329.00 (Work-Life Expectancy) and $1,190,504.00 (Working Consecutively to Age Sixty-Seven). "Crediting" the return-to-work versions from above (Ms. Chalfin) produces the following results:

Mr. Jason M. Welborn
March 19, 2020
Page 4

+22.62 years of Work-Life Expectancy: Skoog, et al
[$748,329.00 less $435,892.00]

"Losses" = $312,437.00

+33.30 years of work-life to Age Sixty-Seven
[$1,190,504.00 less $650,217.00]

"Losses" = $540,287.00

Adding our past estimate of $50,336.00 and these alternative future "losses"
give values of **$362,773.00** and **$590,623.00**, respectively.

Please keep me posted of progress toward trial.

Sincerely,

G. Randolph Rice

GRR:mjn