UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JEREMY FARRIS | * | CIVIL ACTION NO. 6:19-cv-108 |
| | * | |
| VERSUS | * | JUDGE ROBERT R. SUMMERHAYS |
| | * | |
| BRIAN DANA JEFFERSON, MICHAEL BISHOP, AND NATIONAL LIABILITY AND FIRE INSURANCE COMPANY | * * * | MAGISTRATE JUDGE PATRICK J. HANNA |
| | * | JURY TRIAL DEMANDED |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO LIMIT TESTIMONY OF PLAINTIFF'S TREATING PHYSICIANS**

*MAY IT PLEASE THE COURT:*

Defendants, Brian Dana Jefferson, Michael Bishop, and National Liability & Fire Insurance Company, submit this Memorandum in support of their Motion in Limine to Limit Testimony of Plaintiff's Treating Physicians seeking to limit the opinion/expert testimony by any of Plaintiff's treating physicians, precluding them from offering expert testimony outside of their actual treatment rendered to the Plaintiff and specifically excluding any opinion/expert testimony whatsoever regarding future medical care/treatment. To be clear, however, these defendants are not disputing Plaintiff's treating physicians ability to testify as experts regarding past medical treatment. Defendants only seek to preclude Plaintiff's treating physicians from offering opinion testimony not properly disclosed under Rule 26.

**BACKGROUND AND PROCEDURAL HISTORY**

This action arises from a motor vehicle accident occurring on June 12, 2018, on Interstate-10 in Lafayette Parish. *See* Complaint (Doc. 1), at ¶III. This Court, in its original Scheduling Order, set the dates for disclosing expert information and production of expert reports as February 25, 2020 for the Plaintiff and March 26, 2020 for Defendants. *See* Doc. 16. On November 26, 2019, the deadline for the disclosure of expert information and production of expert reports was

1

extended by thirty (30) days. *See* Doc. 30. As such, Plaintiff's deadline to disclose his expert information and produce expert reports was March 26, 2020. On or before March 26, 2020, Plaintiff disclosed and produced reports for three experts: Michael G. Gillen, Stephanie Chalfin, and Randolph Rice. No other expert reports nor any expert disclosures under Rule 26(a)(2)(C) have been produced. Counsel for Defendants confirmed the expert information and reports produced by Plaintiff on March 27, 2020 by email to Plaintiff's counsel. *See* **Exhibit A**.

Despite listing his treating physicians in his Initial Disclosures (*see* **Exhibit B**), the Joint Rule 26(f) Report (*see* Doc. 24, at pp. 5-6), and his discovery responses (*see* **Exhibit C**), Plaintiff did not produce a Rule 26(a)(2)(C) disclosure to Defendants for any of his treating physicians.

## **LAW AND ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), a party must disclose expert testimony "at the times and in the sequence that the court orders." As analyzed by this Court many times, there are two types of testifying experts who must be disclosed under Rule 26 – witnesses who must provide a written report under Rule 26(a)(2)(B) and witnesses who do not provide a written report under Rule 26(a)(2)(C). *See, e.g., Logan v. Westfield Ins. Co.*, No. 17-29 (W.D. La. Jan. 24, 2020), 2020 WL 412216, at *1.

Under Rule 26(a)(2)(B), if the expert is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then an expert report must be provided.

For experts not covered by Rule 26(a)(2)(B), which includes a plaintiff's treating physicans, the parties must still provide an expert disclosure, which must include: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Here, the Court's Scheduling Order unambiguously stated that the Plaintiff's expert information/reports were due by February 25, 2020, which was later extended to March 26, 2020. *See* Docs. 16 and 30. No expert disclosures under Rule 26(a)(2)(C) have been provided to Defendants for Plaintiff's treating physicians.As such, it is clear that Plaintiff failed to comply with the requirments of Rule 26 for his treating physicans.

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the deadlines established by the Court, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This the exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *See, e.g., Logan v. Westfield Ins. Co.*, 17-29 (W.D. La. Jan. 24, 2020), 2020 WL 412216, at *8; *Red Dot Bldgs. v. Jacob Technology, Inc.*, No. 11-1142 (E.D. La. June 7, 2012), 2012 WL 2061904, at *3; *Williams v. Aramark Servs., Inc.*, 14-705 (M.D. La. June 2, 2016), 2016 WL 3129206 at *1. When determining whether to strike evidence under Rule 37(c)(1), the Fifth Circuit has instructed trial to consider the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Logan*, 2020 WL 412216, at *8 (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004)).

Notwithstanding the Plaintiff's explanation, if any, for failing to comply with this Court's Scheduling Order, as amended, the first factor should weigh against the Plaintiff as Plaintiff had ample opportunity, including a thirty-day extension, to provide expert reports/disclosures.

The second factor should also weigh against Plaintiff, or at least is neutral. Although arguably Plaintiff's treating physicians should not be permitted to offer any expert testimony for failing to comply with Rule 26(a)(2)(C), Defendants only seek to limit and exclude opinion

3

testimony regarding future medical treatment. Plaintiff has not disclosed a life care planner as an expert, nor has he produced a life care plan. As such, the importance of allowing Plaintiff's treating physicians to testify about future medical care should be low.

The third factor weighs against Plaintiff. Defendants are clearly prejudiced if Plaintiff's treating physicians are permitted to offer expert opinion testimony regarding future medical treatment. Any expert opinions outside the context of treatment actually rendered to Plaintiff (which would be memorialized in Plaintiff's medical records) is highly prejudicial to Defendants as Defendants have had no opportunity to evaluate such opinions and recommendations. The very purpose of Rule 26 is to prevent prejudice and surprise. *See Logan*, 2020 WL 412216, at *9.

Finally, the fourth factor weighs against the Plaintiff as a continuance will not adequately cure the prejudice. A thirty-day extension of the expert report deadline was already granted (*see* Doc. 30) and a jury trial is scheduled to commence on October 5, 2020. *See* Doc. 16. Additionally, other deadlines have expired or are quickly approaching, including the deadline for filing of all *Daubert* motions (June 30, 2020) and completion of all discovery (July 10, 2020). A continuance now would likely upset the four-day jury trial scheduled for October 2020.

Lastly, to be clear, in this motion, Defendants only seek to <u>limit</u> the testimony of Plaintiff's treating physicians, precluding them from offering expert testimony outside of their actual treatment rendered to the Plaintiff and specifically excluding any opinion/expert testimony whatsoever regarding future medical care/treatment. Defendants do not seek to exclude Plaintiff's treating physicans from testifying as expert witnesses regarding their actual treatment rendered to the Plaintiffff.

## **CONCLUSION**

With regard to his treating physicians, Plaintiff failed to fulfill his obligation under Rule 26. Nonetheless, Defendants anticipate that Plaintiff may seek to elicit expert testimony from his

treating physicians regarding future medical care and treatment Plaintiff allegedly requires.  As such, Defendants move to limit the testimony of Plaintiff's treating physicians to the bounds of their actual medical treatment rendered to the Plaintiff.  Specifically, Plaintiff's treating physicians should be precluded from offering any expert testimony whatsoever regarding Plaintiff's future medical care and/or treatment.  As analyzed above, Plaintiff's failure to properly disclose the expert testimony of his treating physicians is not substantially justified or harmless.  Therefore, pursuant to Rule 37(c)(1), the opinion/expert testimony of Plaintiff's treating physicians should be limited, precluding them from offering expert testimony outside of their actual treatment rendered to the Plaintiff and specifically excluding any opinion/expert testimony whatsoever regarding future medical care/treatment.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By:   *s/ Franklin "Drew" Hoffmann*
     Lottie L. Bash (LA #26186)
     lbash@fairclothlaw.com
     Laura Beth Matthews (LA #33862)
     lmatthews@fairclothlaw.com
     105 Yorktown Drive
     Alexandria, Louisiana 71303
     Phone: (318) 619-7755
     Fax: (318) 619-7744

     Franklin "Drew" Hoffmann (LA #35824)
     dhoffmann@fairclothlaw.com
     Madaline King (LA #38301)
     mking@fairclothlaw.com
     Phone: (225) 343-9535
     Fax: (225) 343-9538

**ATTORNEYS FOR BRIAN DANA JEFFERSON, MICHAEL BISHOP, and NATIONAL LIABILITY & FIRE INSURANCE COMPANY**