UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JEREMY FARRIS | * | CIVIL ACTION NO. 6:19-cv-108 |
| | * | |
| VERSUS | * | JUDGE ROBERT R. SUMMERHAYS |
| | * | |
| BRIAN DANA JEFFERSON, MICHAEL BISHOP, AND NATIONAL LIABILITY AND FIRE INSURANCE COMPANY | * * * | MAGISTRATE JUDGE PATRICK J. HANNA |
| | * | JURY TRIAL DEMANDED |

******************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO LIMIT TESTIMONY OF PLAINTIFF'S ACCIDENT RECONSTRUCTION EXPERT, MICHAEL GILLEN

*MAY IT PLEASE THE COURT:*

Defendants, Brian Dana Jefferson, Michael Bishop, and National Liability & Fire Insurance Company, submit this Memorandum in support of their Motion in Limine to Limit Testimony of Plaintiff's accident reconstruction expert, Michael Gillen. Plaintiff has retained Michael Gillen as an accident reconstruction expert. Gillen prepared an expert report dated March 25, 2020. *See* **Exhibit A**. Gillen was deposed on June 18, 2020. *See* **Exhibit C**.

This motion does not seek to exclude Gillen in his entirety. Rather, this motion seeks to limit Michael Gillen from offering any testimony (1) regarding alleged violations of statutes or traffic laws and (2) regarding the video analysis performed by Dusty Arrington using the PFTrack software package.

### A. EXPERT WITNESSES CANNOT OFFER TESTIMONY ON LEGAL OPINIONS OR CONCLUSIONS.

Throughout his expert report, Gillen includes statements about "Louisiana law" and opinions about alleged "legal obligations," violations of Louisiana Revised Statutes and traffic laws and that specific actions are illegal, including the following:

- "Speeding is a violation of Louisiana Law." *See* **Exhibit A**, at p. 5.

1

- "Louisiana law requires traffic to stay in the right lane unless executing a passing maneuver." *Id*.

- "Mr. Farris had a legal obligation to ensure he could enter onto the interstate safely and did so …" *Id*. at p. 25.

- "Mr. Jefferson had the legal obligation to obey the speed limit and not use the left lane." *Id*.

- "… failing to adhere to the reduced speed limit … " *Id*.

- "… illegally occupying the left lane …" *Id*.

- "Mr. Jefferson violated LA RS 32:71, 'Driving on right side of road; exceptions,' by driving for an extended period in the left lane." *Id*. at p. 26.

- "Mr. Jefferson violated LA RS 32:64, 'General Speed Law,' driving at 67mph in a 60mph zone." *Id*.

- "Mr. Jefferson violated LA RS 32:56, 'Obedience to police officers, weights and standards police officers, and traffic signs,' by failing to comply with the instructions of the traffic control signs posted in the construction zone." *Id*.[1]

- "Mr. Jefferson violated LA RS 32:58 'Careless Operation' for failing to maintain control of his vehicle." *Id*.

As a general rule, expert witnesses may not draw legal conclusions, and expert testimony that offers a legal opinion is inadmissible. *See, e.g., United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) ("Rule 704(a) does not allow a witness to give legal conclusions."); *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999). It is the sole province of the Court to instruct the jury on the relevant legal standards and permitting an expert to offer legal opinions threatens this principle. *Willette v. Finn*, 778 F. Supp. 10, 11 (E.D. La. 1991) ("[E]xpert testimony on governing law would constitute an invasion of the province of the court to determine the applicable law and to instruct the jury as to that law") (internal quotations and citations omitted). "An expert

---

[1] This allegation is interesting as Gillen admits that the placement of the sign when Jefferson passed it was impossible for him to see. *See* **Exhibit C**, Dep. of Gillen, at 97:17-98:6.

2

who usurps either the role of the judge by instructing the jury on the applicable law or the role of the jury by applying the law to the facts at issue 'by definition does not aid the jury in making a decision.'" *Nagle v. Sheriff Marlin Gusman*, No. 12-1910 (E.D. La. Feb. 11, 2016), 2016 WL 541436, at *5 (quoting *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005)). "[S]uch an expert "undertakes to tell the jury what result to reach and thus attempts to substitute the expert's judgment for the jury's [judgment]." *Id*.

Indeed, courts routinely refuse to allow expert opinions on the law and the application of the law to the facts. *See, e.g., Radiofone, Inc. v. Pricellular Corp*., No. 91-4306 (E.D. La. Apr. 16, 1993), 1993 WL 133830, at *1 (excluding expert testimony, comment, or opinion on the requirements of contract formation under Louisiana law or the application of Louisiana law to the facts of the case). Expert opinions that are ultimate facts for the jury to decide are inadmissible. *Askanse v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (affirming refusal to allow expert witness to testify where the opinion would speak to whether the corporate officers breached fiduciary duties, which is an ultimate fact for the jury to decide).

Similarly, an expert's opinions as to whether a motorist had a "legal duty" or "legal obligation" to take, or not take, some action, or whether that action or inaction constituted a "violation" of a specific statutes or traffic law, or were "illegal", are inadmissible and inappropriate. *See, e.g., Brown v. Illinois Central Railroad Company,* 705 F.3d 531 (5th Cir. 2013) (affirming exclusion of accident reconstruction expert whose expert report contained "a number of plainly inadmissible legal opinions"); *Beauregard Par. Sch. Bd. v. Honeywell, Inc.*, 05-1388 (W.D. La. Mar. 24, 2008), 2008 WL 821053, at *4 (prohibiting expert witness from offering legal conclusions, including that a party "breach its contract," "acted in bad faith," "acted fraudulently," "was negligent and grossly negligent," "breached a legal duty or standard of care," and "waived its contractual rights."); *Franco v. Mabe Trucking Co*., No. 17-00871 (W.D. La. Mar. 20, 2019),

2019 WL 1285381, at *7 (prohibiting investigating officer from offering opinions as to fault, including opinions on whether defendant motorist broke Louisiana law or committed any other traffic violations); *see also McKeage v. Bass Pro Outdoor World, L.L.C.*, No. 12-03157 (W.D. Mo. Nov. 12, 2013), 2013 WL 12290890, at *4 ("it is inadmissible for an expert to opine as to whether a defendant violated a law or whether an act was illegal because such matters are for the court and not the subject of expert testimony.").

As in *Beauregard*, where the expert believed he was qualified to offer legal opinions, here, Gillen believes he is qualified to offer expert testimony as to legal violations based on his experience as "a traffic cop for 20 years." Gillen's opinions regarding "legal obligations," "violations" of Louisiana law, and asserts that certain actions (or inactions) are "illegal" are clear invasions of the province of the role of this Court to instruct on the law and the role of the jury to determine the facts and apply those facts to the law and clearly impermissible. It is well-settled that it is in the sole province of this Court to instruct the jury as to the law, including what "legal obligations" or "duties" are imposed by Louisiana law. Further, it is the job of the jury – not Plaintiff's expert – to determine whether any Louisiana traffic laws were "violated." Notably, Michael Gillen's testimony has been limited on the same issue by other courts. *See Pamela Castle v. John Christner Trucking, Inc., et. al*, No. 10-175 (M.D. La. Aug. 15, 2013) (Doc. 74).[2]

Similar to the case at bar, in *Pamela v. John Christner Trucking*, Michael Gillen, who was retained by the plaintiff as an accident reconstruction expert, prepared an expert report that included citations to Louisiana Revised Statutes and a statement about an "illegal maneuver" and violations of Louisiana law: "[The defendant driver] seemingly performed an illegal maneuver and

---

[2] A copy of the Minute Entry granting the Defendants' Motion in Limine Regarding Alleged Violations of Statutes and Guidelines requesting that Plaintiff's expert's opinion testimony regarding alleged violations of statutes be excluded is attached as **Exhibit F**.

4

was in violation of the aforementioned statutes and guidelines when she allowed her trailer to off-track into the left left-turn lane during her left turn." *See* **Exhibit G**, at pp. 8-9.[3] Judge Jackson of the Middle District granted the defendants' motion in limine, excluding Gillen from offering any expert testimony "regarding alleged violations of statutes or guidelines." *See* **Exhibit F**.

**B.    MICHAEL GILLEN HAS NO EXPERIENCE, TRAINING, OR EDUCATION IN VIDEO ANALYSIS, MUCH LESS THE SOFTWARE PACKAGE UTILIZED BY DUSTY ARRINGTON.**

It is axiomatic, and well-settled, that an expert cannot testify outside his field of expertise. *Goodman*, 571 F.3d at 399 (5th Cir. 2009) ("Nor, may an expert go beyond the scope of his expertise in giving his opinion."). Indeed, statements outside the expertise of a witness would amount to little more than speculation or hearsay. *Henson v. Odyssea Vessels, Inc.*, No. 07-613 (E.D. La. Feb. 15, 2008), 2008 WL 449726, at *2.

Michael Gillen considers himself an expert in "traffic accident reconstruction," the "rules of the road," and "[Manual on Uniform Traffic Control Devices] compliance." *See* **Exhibit C**, Dep. of Michael Gillen, at 12:12-13:1. Absent from this list is any type of video analysis. *Id*. A review of Gillen's Curriculum Vitae reveals no "knowledge, skill, experience, training, or education" in any type of video analysis. *See* **Exhibit B**. On the other hand, Defendants retained Dusty Arrington as a video analysis expert and asked that he conduct a detailed and technical analysis of Brian Jefferson's dash camera video. *See* **Exhibit D**, Expert Report of Dusty Arrington ("It was requested that I analyze a dash cam video from the collision"). Unlike Gillen, Arrington has extensive "knowledge, skill, experience, training, or education" in the field of video analysis, including having attended courses in forensic video analysis and the analysis of digital media. *See*

---

[3] A copy of Gillen's Expert Report from *Pamela v. John Christner Trucking*, which was attached to the defendants' Motion in Limine Regarding Alleged Violations of Statutes and Guidelines, is attached hereto as **Exhibit G**.

**Exhibit E**. Indeed, because expertise with the PFTrack software package is so specific, Defendants retained Dusty Arrington in addition to their accident reconstruction expert, Brent Munyon, as Munyon – like Gillen – lacked sufficient expertise using the PFTrack software package in analyzing the dash camera video.

Nonetheless, and despite having no qualifications or experience whatsoever using the PFTrack software package, Gillen attempted to replicate and then critique Arrington's video analysis, including comments that utilization of the PFTrack software package in accident reconstruction was inappropriate or unreliable:

- "We purchased that program after receiving his report, and we have tried to use the same program. We don't find that it's giving reliable results." *See* **Exhibit C**, Dep. of Gillen, at 67:2-4.

- "So I don't know that the program's really intended to do what's being attempted to do with the program" *Id*. at 69:8-10.

- "I'm questioning the use of this program to do what he tried to do with it." *Id*. at 87:8-9.

The inability of Gillen, or anyone who works for him, to reproduce Arrington's analysis with the PFTrack software package, with which Gillen had no familiarity, is immaterial because Gillen lacks the understanding and expertise to critique any aspect of Arrington's analysis using the PFTrack software package. In fact, his inability to reproduce Arrington's analysis illustrates this perfectly. As such, he should be precluded from offering any comment or critique of Arrington's video analysis or use of the PFTrack software package.

## **CONCLUSION**

Similarly to rationale for precluding police officers from offering testimony on the issuance of traffic citations, an accident reconstruction expert, even one with police experience, cannot offer opinion testimony whether a motorist had a "legal duty" or "legal obligation" to take, or not take, some action, or whether that action or inaction constituted a "violation" of a specific statutes/traffic

law or is "illegal." Such testimony would (1) be inadmissible and inappropriate legal testimony and (2) infringe on the role of this Court to instruct the jury on the law. The jury should be permitted to analyze the facts of this case and apply the appliable law, as instructed by the Court, without irrelevant opinion testimony from an "expert" on what he presumes the law is and whether he *subjectively* believes a law was broken. For these reasons, Michael Gillen should be precluded from offering any expert testimony regarding what legal duties, legal obligations, or other restrictions are imposed by Louisiana law and whether any of Jeremey Farris or Brian Jefferson's actions, or inactions, violated those duties, obligations, and restrictions.

Furthermore, as Gillen lacks any knowledge, skill, experience, training, or education in the field of video analysis, much less any understanding or experience with the software employed by Dusty Arrington, Gillen should be precluded from offering any comment or critique as to Arrington's use or application of the PFTrack software package. Gillen should be specifically excluded stating, implying, or suggesting that the PFTrack software package should not be utilized for accident reconstruction.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By:    *s/ Franklin "Drew" Hoffmann*
    Lottie L. Bash (LA #26186)
    lbash@fairclothlaw.com
    Laura Beth Matthews (LA #33862)
    lmatthews@fairclothlaw.com
    105 Yorktown Drive
    Alexandria, Louisiana 71303
    Phone: (318) 619-7755
    Fax: (318) 619-7744

    Franklin "Drew" Hoffmann (LA #35824)
    dhoffmann@fairclothlaw.com
    Madaline King (LA #38301)
    mking@fairclothlaw.com
    Phone: (225) 343-9535

**ATTORNEYS FOR BRIAN DANA JEFFERSON, MICHAEL BISHOP, and NATIONAL LIABILITY & FIRE INSURANCE COMPANY**