UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JEREMY FARRIS | * | CIVIL ACTION NO. 6:19-cv-108 |
| | * | |
| VERSUS | * | JUDGE ROBERT R. SUMMERHAYS |
| | * | |
| BRIAN DANA JEFFERSON, MICHAEL BISHOP, AND NATIONAL LIABILITY AND FIRE INSURANCE COMPANY | * * * | MAGISTRATE JUDGE PATRICK J. HANNA |
| | * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE TO LIMIT TESTIMONY OF PLAINTIFF'S ACCIDENT RECONSTRUCTION EXPERT, MICHAEL GILLEN**

*MAY IT PLEASE THE COURT:*

Defendants, Brian Dana Jefferson, Michael Bishop, and National Liability & Fire Insurance Company, submit this Reply in Support of Motion in Limine to Limit Testimony of Plaintiff's Accident Reconstruction Expert, Michael Gillen.

**A. LEGAL OPINIONS ARE IMPERMISSIBLE AND INADMISSIBLE.**

Plaintiff misstates the correct construction and application of Rule 704. Opinion testimony on *facts* is certainly permissible, and are not automatically objectionable simply because they "embrace an ultimate issue." However, whether Jefferson's actions constituted a "violation" of Louisiana law or were "illegal" is a ***legal*** question, on which opinion testimony is improper. *See Franco v. Mabe Trucking Co.*, No. 17-00871 (W.D. La. Mar. 20, 2019), 2019 WL 1285381, at *7 (; *Pamela v. John Christner Trucking*, No. 10-175 (M.D. La. Aug. 15, 2013) (**Exhibit F** to Defendants' Motion in Limine (Doc. 61-7); *see also Nagle v. Sheriff Marlin Gusman*, No. 12-1910 (E.D. La. Feb. 11, 2016), 2016 WL 541436, at *5 ("Although an expert's opinion may 'embrace an ultimate issue' to be decided by the trier of fact, expert witnesses are not permitted to offer legal conclusions."). Plaintiff simply ignores the appliable case law and otherwise fails to offer any jurisprudence holding that an expert can offer opinion testimony on whether a motorist "violated

1

the posted speed limits or was driving in an improper lane." Gillen should be precluded from offering such testimony.

## B. NEITHER GILLEN NOR HIS "TEAM" IS QUALIFIED TO OFFER A CRITIQUE OF PFTRACK.

At issue is simply whether Gillen should be allowed to comment on the reliability of a specific software package (PFTrack), which Gillen (or his "team of engineers") had never used. As Dusty Arrington's 126 page deposition transcript illustrates, PFTrack does not have an "easy button" and requires a user with specific knowledge and training to properly understand and utilize the software. Plaintiff asserts that because Gillen and his team – who have no knowledge of or training with PFTrack – could not reproduce Arrington's results, PFTrack must be unreliable. The opposite is true. Arrington plainly testified that anyone with the requisite knowledge of and training with PFTrack could test his methodology. *See* Dep. of Dusty Arrington, at 69:20-22. Gillen could not because he lacks any expertise – much less that of an expert – as to PFTrack, a software package that has long been utilized in accident reconstruction and is a well-accepted tool per peer review studies. *See, e.g.,* Neale, W., Hessel, D., and Koch, D., "Determining Position and Speed through Pixel Tracking and 2D Coordinate Transformation in a 3D Environment," SAE Technical Paper 2016-01-1478, https://doi.org/10.4271/2016-01-1478; Neale, W., Marr, J., and Hessel, D., "Video Projection Mapping Photogrammetry through Video Tracking," SAE Technical Paper 2013-01-0788, https://doi.org/10.4271/2013-01-0788; Terpstra, T., Miller, S., and Hashemian, A., "An Evaluation of Two Methodologies for Lens Distortion Removal when EXIF Data is Unavailable," SAE Technical Paper 2017-01-1422, https://doi.org/10.4271/2017-01-1422.

Plaintiff also argues that because Gillen has been tendered and accepted as an accident reconstructionist, he is qualified "to use any tools at his disposal for the evaluation and completion of accident reconstruction." Plaintiff Opp. at p. 5. This argument – that an expert in a broad context can offer opinion testimony on anything with the 'umbrella' of their field – has been

squarely rejected. For example, "merely possessing a medical degree is not sufficient to permit a physician to testify concerning any medical-related issue." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001). Indeed, even when a witness qualifies as an expert to testify in a particular area of expertise, the court should not allow that witness to testify on matters outside of that area or to give lay testimony about a subject beyond his field of knowledge. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 459-60 (5th Cir. 1996); *Edmonds v. Ill. Cent. Gulf R.R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990); *see also* 29 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6264.2 (2d ed.) ("Even where a witness has specialized knowledge, qualification to testify as an expert also requires that the area of the witness's competence matches the subject matter of the witness's testimony."). Simply because PFTrack may fall under the 'umbrella' of accident reconstruction does not impute understanding and knowledge of such software on all accident reconstructionists.

Lastly, Plaintiff seems to twist Defendants' motion to limit Gillen's testimony into a *Daubert*-like attack against Dusty Arrington and PFTrack. Nonetheless, there is no *Daubert* motion before the Court on Arrington. Although Plaintiff's "cherry-picked" quotes from Arrington's deposition are misleading, they are entirely irrelevant to this motion.[1] Moreover, the questions raised by plaintiff are more properly addressed in cross-examination of Arrington at trial.

## CONCLUSION

Defendants motion is narrowly tailored and only seeks to limit the testimony of Michael Gillen to ensure his testimony falls within his area of expertise and is devoid of impermissible legal opinions. On the latter, the law is clear that an expert witness – even a former police officer with 20 years' experience – cannot offer opinion testimony as to whether a motorist's actions

---

[1] For the Court's reference, the entirety of Dusty Arrington's deposition transcript is attached as **Exhibit A**.

3

constituted violations of Louisiana law or were illegal.  On the former, Gillen readily admits that he has no experience with, no understanding or knowledge of, nor any training with the PFTrack software package. Simply put, his lack of understanding is not a legitimate critique and certainly does not qualify him to offer expert testimony as to the reliability of using PFTrack in accident reconstruction.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By: *s/ Franklin "Drew" Hoffmann*
Lottie L. Bash (LA #26186)
lbash@fairclothlaw.com
Laura Beth Matthews (LA #33862)
lmatthews@fairclothlaw.com
105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

Franklin "Drew" Hoffmann (LA #35824)
dhoffmann@fairclothlaw.com
Madaline King (LA #38301)
mking@fairclothlaw.com
Phone: (225) 343-9535

**ATTORNEYS FOR BRIAN DANA JEFFERSON, MICHAEL BISHOP, and NATIONAL LIABILITY & FIRE INSURANCE COMPANY**