UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JEREMY FARRIS                                       CASE NO.  6:19-CV-00108 LEAD

VERSUS                                              JUDGE ROBERT R. SUMMERHAYS

BRIAN DANA JEFFERSON, ET AL.                        MAG. JUDGE PATRICK J. HANNA


ORDER and REASONS

Before the Court is a Motion in Limine to Limit Testimony of Plaintiff's Treating

Physicians filed by Defendants, Brian Dana Jefferson, Michael Bishop, and National Liability &

Fire Insurance Company. [ECF No. 58] Pursuant to their motion, Defendants seek an Order

prohibiting Plaintiff's treating physicians from offering "expert testimony outside of their actual

treatment rendered to the Plaintiff" and from "offering any testimony and/or opinions about future

medical treatment/care," due to Plaintiff's failure to comply with the disclosure requirements of

Fed. R. Civ. P. 26(a)(2)(C).[1] [ECF No. 58-5]. For the reasons that follow, Defendants' motion is

GRANTED IN PART and DENIED IN PART.

In support of their motion, Defendants state the deadline for Plaintiff to provide Defendants

with his expert reports and expert disclosures was March 26, 2020. [ECF No. 16 at 2; ECF No.

30]. On or before that date, Plaintiff disclosed and produced reports for three experts: Michael G.

Gillen, Stephanie Chalfin, and Randolph Rice. No other expert reports or disclosures were

provided. Accordingly, Defendants argue the appropriate remedy is exclusion of any expert

---

[1] Defendants identify Plaintiff's treating physicians to whom the motion applies as "including but not limited to Dr. David Muldowny, Dr. Jeremy Romero, Dr. James Godchaux, Jr., Dr. Gregory Gidman, nurse practitioner, K. Knecht, Dr. Scott Bergeaux, and/or a representative of Whitney-Atchetee Physical Therapy, Acadiana Center Walk-In Clinic, Lafayette General Medical Center, Coolidge ER group, Envision Imaging of Acadiana, Primary Care Clinic, Lafayette Specialty Hospital, and/or Walmart Pharmacy." [ECF No. 58-5].

testimony by Plaintiff's treating physicians.[2] In response, Plaintiff admits he did not provide

Defendants with the disclosures required by Rule 26(a)(2)(C)[3], but argues his failure was harmless

because the required information was disclosed "on multiple occasions," specifically in Plaintiff's

Initial Disclosures, the Joint 26(f) Report, and his discovery responses. [ECF No. 60 at 1].

**Applicable Law**

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose expert witnesses they

may call at trial at the time ordered by the Court.[4] If the witness is a retained expert, subsection

(B) requires that the witness provide a detailed, written report.[5] If the witness is not a retained

expert witness, he or she is not required to provide the foregoing report.[6] However, subsection (C)

requires that the disclosure of such non-retained expert witnesses must additionally state "the

subject matter on which the witness is expected to present evidence under Federal Rule of

Evidence 702, 703, or 705; and . . . a summary of the facts and opinions to which the witness is

expected to testify."[7] This latter category of experts includes treating physicians.[8] To the extent

such witnesses intend to provide expert testimony under Evidence Rule 702, 703, or 705, they

must provide the disclosures required by subdivision (C).[9]

---

[2] *See e.g. Red Dot Bldgs. V. Jacobs Tech, Inc.*, 2012 WL 2061904, *3 (E.D. La. June 7, 2012) ("Exclusion of the evidence is mandatory and automatic unless the party demonstrates substantial justification or harmlessness.").

[3] Counsel explains that this failure was due to his moving offices and "the COVID-19 shutdown, where all staff was working remotely." [ECF No. 60 at 2].

[4] Fed. R. Civ. P. 26(a)(2)(A) & (D).

[5] Fed. R. Civ. P. 26(a)(2)(B); *see also LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 Fed.Appx. 317, 324 (5th Cir. 2017) (subsection (B) addresses "experts who are retained specifically for litigation").

[6] Fed. R. Civ. P. 26(a)(2)(C); *see also LaShip* (subsection (C) addresses "expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness.").

[7] *Id.*

[8] Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment; *see also Hooks v. Nationwide Hous. Sys., LLC*, 2016 WL 3667134, *3 (E.D. La. July 11, 2016) ("any testimony not contained in medical records is more aptly considered expert testimony and subject to disclosure under Rule 26(a)(2)(C)).

[9] *Id.* This disclosure is considerably less detailed than the report required for retained experts, and courts should be wary of requiring too detailed of a disclosure, "keeping in mind that these witnesses have not

> If a party fails to properly disclose a non-retained expert witness as required by Rule 26:

> [T]he party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure."[10]

The Fifth Circuit looks to four factors in determining whether a Rule 26 violation is harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[11]

## Analysis

First, the Court notes that in Plaintiff's response, he solely addresses expert testimony from Dr. David Muldowny (orthopedic surgeon) and Dr. Jeremy Romero (chiropractor). Accordingly, the Court assumes Plaintiff does not intend to elicit expert testimony as to any of the other witnesses identified by Defendants. *See* note 1, *supra*. To the extent Plaintiff does intend to elicit expert testimony from these witnesses, Defendants' motion will be granted due to Plaintiff's failure to show harmlessness.[12]

With regard to Drs. Muldowny and Romero, the Court has reviewed the information provided to Defendants that Plaintiff contends was sufficient for purposes of Rule 26(a)(2)(C). *See* ECF Nos. 60-1, -2, -3, and -5; *see also* ECF No. 65-1. The Court finds the information provided does not comply with subsection (C), because it does not provide "a summary of the facts and

---

been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

[10] Fed. R. Civ. P. 37(c)(1).

[11] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

[12] *See e.g. Current v. Atochem N. Am., Inc.*, 2001 WL 36101282, at *2 (W.D. Tex. Sept. 18, 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *accord Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F.Supp.3d 539, 544 (N.D. Tex. 2015).

opinions to which the witness is expected to testify."[13] Accordingly, the Court finds Plaintiff's failure to comply with Rule 26 is not harmless.

Nevertheless, the Court notes that at the time this motion was filed, trial was scheduled to commence within three months. Since the filing of Defendants' motion, the trial has been continued twice and is now scheduled to commence on November 1, 2021, approximately nine months out. In light of the additional time now available to the parties, the Court finds any prejudice to Defendants can be eliminated by giving them the opportunity to depose (or further depose) Drs. Muldowny and Romero. Accordingly, Defendants' motion is GRANTED IN PART and DENIED IN PART as follows:

(1) The motion is GRANTED to the extent it seeks to exclude expert testimony from the following witnesses: Dr. James Godchaux, Jr.; Dr. Gregory Gidman; nurse practitioner, K. Knecht; Dr. Scott Bergeaux; any representative of Whitney-Atchetee Physical Therapy, Acadiana Center Walk-In Clinic, Lafayette General Medical Center, Coolidge ER group, Envision Imaging of Acadiana, Primary Care Clinic, Lafayette Specialty Hospital, and/or Walmart Pharmacy.

(2) The motion is DENIED to the extent it seeks to prohibit Plaintiff from eliciting testimony from Dr. David Muldowny and Dr. Jeremy Romero.

---

[13] Fed. R. Civ. P. 26(a)(2)(C); *see also Erving v. Dall. Hous. Auth.*, 2018 WL 4409797, at *14 (N.D. Tex. Sept. 17, 2018) (finding disclosure was deficient where it provided "only general topics of testimony, rather than an actual summary of the facts and opinions to which each designated expert witness [was] expected to testify"); *Ingram v. Novartis Pharm. Corp.*, 282 F.R.D. 563, 564 (W.D. Okla. 2012), *order clarified on reconsideration* (June 29, 2012) (designation stating merely that each treating physician was expected to testify "in accordance with" his or her medical records and deposition was insufficient to comply with subsection (C)); *Logan v. Westfield Ins. Co.*, 2020 WL 412216, *8 (W.D. La. Jan. 24, 2020) (disclosure was inadequate where it provided "absolutely no detail" about the causation opinions or the facts to which the treating physicians would testify).

The Court further ORDERS that Plaintiff is to provide Defendants with the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) for Dr. Muldowny and Dr. Romero on or before April 8, 2021. On or before July 8, 2021, Defendants may depose the foregoing witnesses. In the interest of fairness and preventing any prejudice to Defendants, the Court will require that Plaintiff pay the costs associated with these depositions. Any motion in limine or *Daubert* motion Defendants wish to file with respect to the foregoing witnesses is to be submitted on or before August 2, 2021.

THUS DONE in Chambers on this 11th day of March, 2021.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**