UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JEREMY FARRIS**  **CASE NO.  6:19-CV-00108 LEAD**

**VERSUS**  **JUDGE ROBERT R. SUMMERHAYS**

**BRIAN DANA JEFFERSON, ET AL.**  **MAG. JUDGE PATRICK J. HANNA**

**ORDER and REASONS**

Before the Court is a Motion in Limine to Limit the Testimony of Plaintiff's Economist, Randolph Rice, Ph.D, filed by Defendants Brian Dana Jefferson, Michael Bishop, and National Liability & Fire Insurance Company. [ECF No. 38] Pursuant to their motion, Defendants seek an Order prohibiting Plaintiff's economist from offering any testimony and/or calculations based upon: (1) the qualifying age for Social Security benefits, and (2) an assumption that Plaintiff will be unable to return to work. [ECF No. 38 at 1]. For the reasons that follow, the motion is DENIED IN PART and GRANTED IN PART.

This suit arises out of a motor vehicle accident occurring in a construction zone on Interstate 10 in Lafayette, Louisiana. At the time of the accident, Brian Jefferson, who was operating an 18-wheeler, was travelling in the inside left lane of the highway. [ECF No. 56-1 at 3]. Plaintiff Jeremy Farris, who was operating a dump truck in the construction zone, left the construction zone and entered into the left lane of I-10 in front of Jefferson. Approximately twelve seconds after Farris entered the highway, he was rear-ended by Jefferson. [ECF No. 56-1 at 3; ECF No. 66 at 2].

1.     **Whether Dr. Rice should be precluded from offering testimony and/or calculations based upon the qualifying age for Social Security benefits.**

Defendants seek to preclude Plaintiff's economist from providing evidence at trial that assumes that but for the accident, Plaintiff would have worked until he reached age 67, *i.e.* the age at which he would be eligible to receive "full Social Security benefits." [ECF No. 38-1 at 1]. In Dr. Rice's expert report, he offers different calculations incorporating different assumptions with regard to Plaintiff's future work-life expectancy. For example, Dr. Rice offers one calculation that assumes Plaintiff's work-life expectancy is 22.62 years, based upon information from the *Journal of Forensic Economics*. [ECF No. 38-2 at 1]. He offers a second calculation that assumes Plaintiff's future work-life expectancy is 33.30 years, which is when Plaintiff would reach age 67, *i.e.* the qualifying age for full Social Security benefits. *Id*. According to Defendants, "The Fifth Circuit has long held that the Social Security Retirement Age Table, which is not based on statistical data, is not a reliable method of determining future loss of earnings." [ECF No. 38-1 at 2 (citing *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478-79 (5th Cir. 1984))]. Based upon the foregoing statement of law, Defendants contend Dr. Rice's calculations using the qualifying age for full Social Security benefits are "unreliable and irrelevant" and should be excluded at trial. *Id.*

Plaintiff responds that the cases cited by Defendants' all address maritime law, whereas this case is premised upon diversity jurisdiction and therefore Louisiana law applies. [ECF No. 44 at 3-5]. According to Plaintiff, Louisiana law permits "alternative calculations of future economic loss, including a lost [sic] calculation based upon social

security retirement age" to be presented to the trier of fact. *Id.* at 4. Plaintiff therefore contends that whether to base any award for loss of future earning capacity on social security age or the work-life expectancy tables set forth in the *Journal of Forensic Economics* is a determination for the jury.

Defendants reply that although courts sitting in diversity apply the substantive law of the forum state, "whether social security retirement age is a reliable metric for the determination of damages is an *evidentiary* question – not a question of *substantive* state law," and therefore the state law cases cited by Plaintiff are "entirely irrelevant." [ECF No. 51 at 2]. Defendants then cite to one decision from the Middle District in which the court precluded a bookkeeper/tax preparer from offering evidence based upon the qualifying age for Social Security benefits in a diversity case. *Id.* (citing *Nkansah v. Martinez*, 3:15-cv-00646, 2017 WL 2812733, *9 (M.D. La. June 28, 2017).[1]

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[2] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427

---

[1] In *Nkansah*, the court prohibited a bookkeeper/tax preparer, retained as an expert, from presenting calculations based upon the Social Security retirement age of 67, because the selection of that age was "based on nothing but information derived from OOIDA [Owner Operator Independent Drivers Association] that '[m]ost independent drivers plan on retiring at 67 years of age with the largest majority of them expecting Social Security to pay for their retirement.'" The Court found the foregoing did "not address the issue of work life expectancy but only what most drivers 'plan for.'" The court held the witness would "not be permitted to testify on this issue," but further stated that "[t]his is not to say that Plaintiff will be prevented from testifying that he intended to work until age 67 but testimony that age 67 is his work life expectancy is simply not adequately supported by Ms. Schexnayder as an expert opinion." *Nkansah v. Martinez*, 3:15-CV-00646, 2017 WL 2812733, at *9 (M.D. La. June 28, 2017).

[2] Because they are procedural, as a general rule the Federal Rules of Evidence govern the admissibility of evidence in diversity cases, *Reed v. Gen. Motors Corp.*, 773 F.2d 660, 663 (5th Cir. 1985). However, "there are circumstances in which a question of admissibility of evidence is

(1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *see also McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 482 (5th Cir. 2015) (In a diversity case, "state law governs what the plaintiff must prove and how it may be proved."); *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 398 (5th Cir. 2013) ("[I]n a diversity case state law governs what damages are available for a given claim and the manner in which those damages must be proved.). Because the issue before the Court involves the manner in which damages must be proven, the Court will look to Louisiana law. *Homoki*, *supra*. However, the Court notes its Ruling on the pending motion would be the same under the Fifth Circuit cases relied upon by Defendants. *See* note 4, *infra*.

Under Louisiana law, when determining an appropriate award for loss of future earning capacity, the trier of fact is to consider factors such as age, life expectancy, work life expectancy, the plaintiff's physical condition before the injury, the plaintiff's past work history and work consistency, the probability that the plaintiff would have continued to earn wages over the remainder of his working life, the annual wage increase or productivity increase, prospects for rehabilitation, probable future earning capacity, etc. *Viator v. Gilbert*, 216 So.2d 821, 822 (La. 1968); *Unbehagen v. Bollinger Workover, Inc.*, 411 So.2d 507, 508–09 (La. Ct. App. 1982); *Baack v. McIntosh*, 2019-657 (La.App. 3 Cir. 7/29/20, 35–36); 304 So.3d 881, 905; *Jones v. Harris*, 2004-0965, p. 22 (La.App. 4 Cir. 2/2/05); 896 So.2d 237, 250. Louisiana courts frequently rely upon social security retirement age

---

so intertwined with a state substantive rule that the state rule will be followed in order to give full effect to the state's substantive policy." *Woods v. Holy Cross Hosp.*, 591 F.2d 1164, 1168 n.6 (5th Cir. 1979) (alterations and quotation marks omitted).

when awarding damages for loss of future earning capacity.³ *Williams v. Walgreen Louisiana Co., Inc.*, 14-716, p. 16 (La.App. 5 Cir. 2/25/15); 168 So.3d 812, 825–26 (where jury erroneously failed to award damages for loss of future earning capacity, court of appeals awarded damages based upon full retirement age rather than work life expectancy, finding that the unrebutted testimony was that plaintiff "was steadily employed upon graduation from high school through the time of the accident," and therefore it was "reasonable to conclude that she would have continued to work to retirement age."); *Wallace v. Slidell Mem'l Hosp.*, 509 So.2d 69, 73-74 (La. Ct. App. 1987) (trial court's determination that plaintiff would have continued to work until full social security retirement age was not erroneous where plaintiff testified her job was secure, she felt she had a future with the firm, that she needed to work to supplement her husband's Social

---

³ The analysis of loss of future earning capacity is similar to the federal maritime jurisprudence relied upon by Defendants, although maritime law starts from the presumption that work-life expectancy data is to be used. Under maritime law, "[c]ourts use work-life expectancy data to calculate future earnings, unless there is evidence supporting a variation from the average." *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 361 (5th Cir. 2016) (citing *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478 (5th Cir. 1984)). However, work-life expectancy data is not conclusive, and "[i]t may be shown by evidence that a particular person, by virtue of his health or occupation or other factors, is likely to live *and* work a longer, or shorter, period than the average." *Madore* at 478. "Absent such evidence, however, computations should be based on the statistical average." *Id.* In *Deperrodil*, the Fifth Circuit held the trial court did not err in relying on a retirement age of 75, rather than the work-life expectancy average from the Bureau of Labor Statistics. At trial, plaintiff presented a vocational-rehabilitation counselor who testified it was "very reasonable" that plaintiff would work until age 75 based upon: plaintiff's testimony that he and his wife had an agreement he would work until age 75; his work history; his earnings records; and his healthcare providers' recommendations for future treatment. *Id.* at 361. In this matter, because the Court has not heard the evidence at trial and therefore is unaware of whether there is "evidence supporting a variation from the average," even if the Court were to rely upon the cases cited by Defendants the motion would be denied. *See e.g. Wigginton v. Univ. of Mississippi*, 3:15CV093-NBB-RP, 2017 WL 11015636, at *1 (N.D. Miss. Oct. 20, 2017); *Orchestrate HR, Inc. v. Trombetta*, 3:13-CV-2110-KS, 2017 WL 273669, at *1 (N.D. Tex. Jan. 20, 2017).

Security disability income, and that she had worked as a secretary since age seventeen and enjoyed that work); *see also Jones* 896 So.2d at 250; *Robin v. Allstate Indem. Co.*, 2004-957, p. 9 (La.App. 3 Cir. 12/8/04); 889 So.2d 450, 457.

In this matter, Defendants rely upon a bright-line rule – *i.e.*, that "[t]he Fifth Circuit has long held that the Social Security Retirement Age Table . . . is not a reliable method of determining future loss of earnings" – for the exclusion of Dr. Rice's calculations using the full Social Security retirement age. ECF No. 38-1 at 2. However, the foregoing statement neither comports with Louisiana law, nor is it a complete statement of federal maritime law. *See* note 4, *supra*. As Defendants have failed to show the calculation by Dr. Rice which incorporates the assumption that Plaintiff will work until he reaches full social security retirement age is "clearly inadmissible on all potential grounds," the motion will be denied. *Fair v. Allen*, CIV.A. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" of attacking such evidence. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

**2.     Whether Dr. Rice should be precluded from offering testimony or calculations based upon an assumption that Plaintiff would be unable to return to work.**

In his expert report, Dr. Rice offers alternative calculations for Plaintiff's claim for future loss of earnings. In one set of calculations, Dr. Rice assumes Plaintiff will be unable to return to the workforce. In the other, he assumes Plaintiff will be able to return to work but at a lesser rate of pay than pre-accident. According to Defendants, "[t]here is no

evidence whatsoever that Plaintiff will not return to the workforce." [ECF No. 38-1 at 2]. Defendants further note that "Dr. Rice indicates in his report that Plaintiff's vocational rehabilitation expert, Stephanie Chalfin, identified jobs Plaintiff could be expected to fulfill in the future." *Id.* at 2-3. Accordingly, Defendants move to prohibit Dr. Rice from presenting evidence, testimony or calculations based on an assumption that Plaintiff will not be able to return to the workforce.

As Plaintiff has failed to respond to this portion of Defendants' motion in limine, the motion will be granted as unopposed.

For the reasons set forth above, Defendants' Motion in Limine [ECF No. 38] is DENIED IN PART and GRANTED IN PART. The motion is DENIED to the extent it seeks an Order prohibiting Dr. Rice from offering any testimony and/or calculations based upon the qualifying age for Social Security benefits. The motion is GRANTED to the extent it seeks an Order prohibiting Dr. Rice from offering any testimony and/or calculations based on an assumption that the Plaintiff cannot return to work.

THUS DONE in Chambers on this 17th day of March, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE