UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JEREMY FARRIS                                   CASE NO.  6:19-CV-00108 LEAD

VERSUS                                          JUDGE ROBERT R. SUMMERHAYS

BRIAN DANA JEFFERSON, ET AL.                    MAG. JUDGE PATRICK J. HANNA

<u>ORDER and REASONS</u>

Before the Court is a Motion in Limine filed by Defendants Brian Dana Jefferson, Michael

Bishop and National Liability & Fire Insurance Company. [ECF No. 39]. Pursuant to their motion,

Defendants seek an Order:

> (1) precluding any witness testimony or evidence concerning the traffic citation
> [issued] to [Plaintiff] Jeremy Farris, including its issuance or disposition; and (2)
> precluding counsel or any witness from stating or suggesting that temporary traffic
> control signs constitute a legal restriction or prohibition, including any testimony
> that Brian Dana Jefferson allegedly violated the "law" by driving in the left lane
> through the construction zone.

[ECF No. 39-1 at 1]. Plaintiff has filed an opposition to the motion [ECF No. 45], and Defendants

have filed a reply [ECF No. 52]. For the reasons that follow, the motion is GRANTED IN PART

and DENIED IN PART.

This suit arises out of a motor vehicle accident occurring in a construction zone on

Interstate 10 in Lafayette, Louisiana. At the time of the accident, Defendant Brian Jefferson, who

was operating an 18-wheeler, was travelling in the inside left lane of the highway. Plaintiff Jeremy

Farris, who was operating a dump truck in the construction zone, left the construction zone and

entered into the left lane of I-10 in front of Jefferson. Approximately twelve seconds after Farris

entered the highway, he was rear-ended by Jefferson. Approximately one minute before the

accident, Jefferson passed a temporary traffic control sign that read "Trucks Use Right Lane Only." Farris was issued a traffic citation for failure to yield, but the citation was later dismissed.

1.      **Evidence of traffic citation**

Defendants seek an Order precluding any evidence at trial relating to the traffic citation issued to Plaintiff. Plaintiff opposes the motion, analogizing to cases from the Ninth Circuit where evidence of acquittals on criminal charges was allowed into evidence in related § 1983 civil proceedings. [ECF No. 45 at 4 (citing *Sloman v. Tadlock*, 21 F.3d 1462, 1471 (9th Cir. 1994); *Borunda v. Richmond*, 885 F.2s 1384, 1387-89 (9th Cir. 1988)]. However, as noted in the cases cited by Plaintiff, "Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" *Borunda* at 1387 (quoting S. Gard, 2 Jones on Evidence, § 12:25, p. 391 (6th ed. 1972)). In the cases relied upon by Plaintiff, evidence of the acquittals was admitted for purposes other than "proof of the facts upon which the acquittals were based." *Id.* at 1388-89 (reluctantly finding no abuse of discretion where evidence of acquittals was admitted solely for the purpose of showing that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges, and that the fees charged were reasonable in light of the success achieved); *accord Sloman* at 1471.

In this Circuit, as a general rule evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation. *Hillyer v. David Phillips Trucking Co.*, 606 F.2d 619, 620 (5th Cir. 1979); *Dawson v. Carbollosa*, CIV.A. 14-0057, 2014 WL 7272768, at *3 (W.D. La. Dec. 18, 2014); *Robert v. Maurice*, CV 18-11632, 2020 WL 4043097, at *6 (E.D. La. July 17, 2020); *Iglinksy v. Player*, No. 08–650, 2010 WL 4925000, at *6 (M.D. La. July 26, 2010). Because

Plaintiff did not plead guilty to the traffic offense, and because the Court finds evidence of the citation would be unfairly prejudicial and confusing to the jury, *see* Fed. R. Evid. 403, the Court will grant the motion with respect to evidence of the traffic citation.

**2.      Evidence regarding temporary traffic control signs**

Defendants seek an Order "precluding any and all testimony and evidence suggesting that temporary traffic control signs constitute a legal restriction or prohibition, including any testimony that Brian Dana Jefferson violated the 'law' by driving in the left lane through a construction zone." [ECF No. 39 at 1]. In support, Defendants argue as follows:

> Under Louisiana law, no person shall fail or refuse to comply with the instruction or direction of any traffic control device which has been erected. La. R.S. 32:56(B). Drivers shall obey the instructions of any traffic control device. La. R.S. 32:231(A). A violation of these provisions is punishable. La. R.S. 32:57(A). However, these statutes do not refer to *temporary* signs erected in and around construction zones, but signs erected pursuant to the Revised Statutes or other laws. While drivers certainly must obey any signs erected under the authority of the Louisiana Revised Statutes, temporary traffic control warning signs are typically erected pursuant to guidelines established by the Louisiana Department of Transportation & Development ("DOTD").

> . . . As such, the temporary signs in and around construction zones are only recommendations, rather than legal restrictions imposed by local ordinance or the Louisiana Revised Statutes. . . .

> Accordingly, no testimony, evidence, argument, nor opinion should be permitted that suggests that the temporary "Trucks Use Right Lane Only" construction sign was a legal restriction that prohibited Brian Jefferson, Farris, or any other truck operator from driving in the left lane through the construction zone. To be clear, Defendants do not seek to exclude any evidence with regard to the existence or placement of the "Trucks Use Right Lane Only" sign. Rather, Defendants only seek to exclude any argument by counsel, evidence, or testimony that the "Trucks Use Right Lane Only" sign constituted a legal restriction or prohibition and to exclude any argument by counsel, evidence, or testimony that Brian Jefferson was violating the law (*e.g.* La. R.S. 32:56, La. R.S. 32:231).

[ECF No. 39-1 at 4-5].

The Court finds Defendants have failed to carry their burden of showing such evidence is inadmissible on all potential grounds. *See e.g. Gordon v. Great W. Cas. Co.*, 2:18-CV-00967, 2020 WL 4561223, at *1 (W.D. La. July 8, 2020); *Jones v. Bd. of Supervisors of Univ. of Louisiana Sys.*, CV 14-2304, 2016 WL 9405315, at *2 (E.D. La. Feb. 29, 2016). Under Louisiana law, the Louisiana Department of Transportation and Development ("DOTD") "shall have the authority in its discretion to supervise and regulate all traffic on all highways within this state; promulgate rules and regulations not inconsistent with this Chapter and the general laws relative to highways and their construction, maintenance, and use, and the operation of vehicles and pedestrians thereon. . . ." La. R.S. 32:2(a). "Traffic control device" is defined as "all signs, signals, markings, and devices, not inconsistent with this Chapter, placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic." La. R.S. 32:1(97). "The provisions of this Chapter *and the regulations of the department adopted pursuant thereto* shall govern the operation of vehicles and pedestrians upon all highways within this state. . . ." La. Rev. Stat. Ann. § 32:21 (emphasis added). "No person shall fail or refuse to comply with the instruction or direction of any traffic control device which has been erected under authority of this Chapter or other law of this state." La. Rev. Stat. Ann. § 32:56(B); *see also* La. R.S. 32:231 ("The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this Chapter. . . ."). Nothing in the language of these statutes indicates a sign must be permanent to be enforceable. Further, such an interpretation would lead to absurd results, creating de facto "lawless zones" wherever there is road construction. Accordingly, as Defendants have failed to show a legal basis for the exclusion of this category of evidence, the motion is denied. Nevertheless, all counsel are cautioned to proceed with care with

regard to this topic. As a general rule, it is the role of the Court, and not a witness, to instruct the jury on the law.

### Conclusion

For the reasons set forth herein, Defendants' Motion in Limine [ECF No. 39] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent it seeks an Order "precluding any witness testimony or evidence concerning the traffic citation [issued] to [Plaintiff] Jeremy Farris, including its issuance or disposition." The motion is DENIED to the extent it seeks an Order "precluding counsel or any witness from stating or suggesting that temporary traffic control signs constitute a legal restriction or prohibition, including any testimony that Brian Dana Jefferson allegedly violated the 'law' by driving in the left lane through the construction zone."

THUS DONE in Chambers on this 24th day of March, 2021.


_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE