UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JEREMY FARRIS** | **CASE NO. 6:19-CV-00108 LEAD** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BRIAN DANA JEFFERSON, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

**ORDER and REASONS**

Before the Court is a Motion *in Limine* to Exclude the Expert Testimony of Rodney D. Ellis, II [ECF No. 59] filed by plaintiff Jeremy Farris. Defendants, Brian Dana Jefferson, Michael Bishop, and National Liability & Fire Insurance Company, offer Ellis as an expert on commercial trucking safety regulations, and Farris seeks an Order excluding his testimony. [ECF No. 59-2 at 1] Defendants have filed an opposition [ECF No. 72], to which Farris has filed a reply. [ECF No. 79] For the reasons given below, the motion is GRANTED IN PART and DENIED IN PART.

This suit arises out of a motor vehicle accident occurring in a construction zone on Interstate 10 in Lafayette, Louisiana. At the time of the accident, Brian Jefferson, who was operating an 18-wheeler, was travelling in the inside left lane of the highway. [ECF No. 56-1 at 3]. Plaintiff Jeremy Farris, who was operating a dump truck in the construction zone, left the construction zone and entered into the left lane of I-10 in front of Jefferson. Approximately twelve seconds after Farris entered the highway, he was rear-ended by Jefferson. [ECF No. 56-1 at 3; ECF No. 66 at 2].

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony and reports. A witness may be qualified as an expert through knowledge, skill, experience, training, or education. Fed. R. Evid. 702. A qualified expert may testify as to his or her opinion if that

1

opinion is based upon sufficient facts and data, is the result of reliable application of reliable principles and methods to the facts of the case, and if the expert's "scientific, technical, or other specialized knowledge" will help the finder of fact understand the evidence or determine a fact at issue. *Id.* Rule 702 imposes an obligation on a trial court to ensure that expert testimony – whether scientific or not – is not only relevant, but reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). An expert's opinion may be based on facts or data in the case of which the expert has been made aware or which he or she has personally observed. Fed. R. Evid. 703. An expert may not render legal conclusions or provide opinions on legal issues. *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020)(citing *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)).

Expert testimony is relevant if it is shown "that the expert's reasoning or methodology can be properly applied to the facts in issue." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012)(citing *Curtis v. M & S Petroleum, Inc.* 174 F.3d 661, 668 (5th Cir.1999)). To be reliable, expert testimony must be "grounded in the methods and procedures of science and … be more than unsupported speculation or subjective belief." *Id*. The proponent of expert testimony has the burden to show by a preponderance of the evidence it is reliable, not that it is correct. *Johnson*, 685 F.3d at 459 (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir.1998)). "The reliability analysis applies to all aspect's of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007)(quoting *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir. 1999)).

The questions of relevance and reliability are the Court's overarching concern. *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293–94 (5th Cir. 2019). The analysis should be performed with an eye toward whether the expert opinion will assist the trier of fact, which requires that a proferred expert be able to "bring to the jury more than the lawyers can offer in argument." *Id.* (internal citations omitted). Whether an expert's opinion would be helpful to the trier of fact is a low bar to meet, and turns largely on whether the testimony is relevant; questions related to the bases and sources of an expert's opinion go to the weight to be assigned to it, rather than its admissibility. *Id.* (citations omitted). The Court's role is not to displace the adversary system, but to ensure that the disputed evidence is "sufficiently reliable and relevant to the issue so that it is appropriate for the jury's consideration." *Id.* (citations omitted). Exclusion of expert testimony is the exception rather than the rule; "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Daubert*, 509 U.S. at 596).

Whether Ellis' testimony is admissible turns on whether he is qualified and whether the opinions are relevant and reliable. The parties do not dispute that Ellis is qualified as an expert in matters of safety in commercial truck driving. [ECF Nos. 59-2 at 1; 72 at 10] The parties also do not dispute that Ellis' expertise is not scientific in nature but is derived from his experience as a commercial truck driver and consultant regarding trucking safety. Accordingly, the Court must determine whether the opinions are relevant, reliable, and helpful to the trier of fact.

First, the Court must identify the relevant opinions. Farris attaches a document that purports to be a portion of Ellis' report entitled "Opinions," that includes a numbered list of his opinions. [ECF No. 59-3] Defendants do not dispute that this document is part of Ellis' report, but provide

3

a separate list of opinions they intend to elicit from Ellis at trial, derived from Ellis' deposition testimony. [ECF No. 72 at 11-13]

The opinions from Ellis' report are: (1-2) At the time of the collision, Farris, Jefferson, and their employers were required to comply with United States Department of Transportation regulations; (3-4) Farris was issued a citation for "failure to yield"[1] and Jefferson was not issued a citation; (5) Farris was traveling approximately thirty-eight miles per hour below the posted speed limit, which impeded traffic; (6) Farris was warned about his vehicle's slow acceleration and should have known about it; (7) Farris' testimony that he came to a complete stop before entering the interstate is not supported by the evidence; (8) Farris testified that he did not see any other vehicle incoming but failed to properly scan the interstate before entering; (9) Jefferson was in the left lane passing another vehicle when he passed a sign warning trucks to use the right lane; (10) Traveling next to another vehicle is not recommended, so the best practice while passing another vehicle is to accelerate past them; while it is not recommended to violate the posted speed limit, many motorists do so in order to minimize the time to pass another vehicle; (11) It is unlikely that Jefferson was able to read or notice the sign warning trucks to use the right lane because when he passed it there was a vehicle between him and the sign; (12) There is no evidence there was a sign warning Jefferson that commercial vehicles might enter the interstate; (13) The evidence suggests Jefferson activated his "Jake brake" prior to the collision; (14) Jefferson testified that he scanned the right lane to determine whether he could change lanes after Farris entered his lane of travel; (15) Commercial Driver's License training includes the lesson that stopping is not always the safest maneuver in an emergency; (16) Jefferson misjudged his speed and collided with Farris'

---

[1] The Court previously ruled on a motion *in limine* regarding the citation issued to Farris.

vehicle; and (17) Farris created a hazard for Jefferson and other motorists by blocking Jefferson's lane of travel and traveling at an unreasonably slow speed.

Farris argues that all of Ellis' opinions should be excluded because they are not the product of any empirical testing, scientific certainty, or verifiable methodology, and therefore are not reliable or relevant. [ECF No. 59-2 at 8] Farris more specifically objects to opinions (1) through (9) and (12) through (14) on the grounds that they are recitations of evidence and deposition testimony rather than opinions. [ECF No. 59-2 at 4] He objects to opinion (11) on the grounds that it is pure speculation, and he objects to opinions (16) and (17) on the grounds that they encompass legal conclusions. [ECF No. 59-2 at 6-7]

Defendants assert that they intend to elicit opinions from Ellis regarding the safety regulations of the commercial trucking industry and the reasonableness or propriety of a driver's actions in light thereof. [ECF No. 72 at 16] They argue that Ellis' opinions are relevant because commercial truck drivers are held to different safety standards than non-commercial drivers, and this case involves a collision between two commercial drivers. [ECF No. 72 at 10-11] Defendants do not address Farris' specific arguments about each opinion, but argue that all of Ellis' opinions are reliable because they are derived from his extensive experience as a driver and consultant in the commercial trucking industry. [ECF No. 72 at 16-17]

As noted above, in order to be admissible, expert testimony must be relevant, must help the trier of fact decide a matter at issue, and must reliably apply methodology to facts. Conclusions that do not reflect the application of technical expertise or explain why the jury should accept them are not admissible. *See Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.*, 654 F. Supp. 2d 518, 521 (E.D. La. 2009). While expert opinion is not objectionable because it embraces an ultimate issue, it may not give legal conclusions. Fed. R. Evid. 704; *Owen v. Kerr-McGee Corp.*,

698 F.2d 236, 240 (5th Cir. 1983)(citations omitted). Opinions concerning whether a party complied with trucking industry safety standards are admissible, but opinions about a party's state of mind or whether a party's actions were the cause of a collision are not. *See Hanan v. Crete Carrier Corp.*, No. 3:19-CV-0149-B, 2020 WL 584370, at *3-4 (N.D. Tex. Feb. 6, 2020); *Mendoza v. PGT Trucking Inc.*, No. 1:18-CV-432-LY-ML, 2020 WL 2976012, at *4 (W.D. Tex. Feb. 28, 2020).

The Court finds that most of the opinions in Ellis' report are inadmissible. Specifically, opinions (3), (4), (5), (6), (7), (8), (9), (12), (13), (14) and (17) are restatements of testimony or evidence which require no application of expertise and are not helpful to the trier of fact. Opinions (11) and (16) speculate, respectively, about whether Jefferson was able to see a road sign and whether he properly judged his speed when the collision occurred; these are properly the purview of Jefferson's testimony and do not help the trier of fact. These opinions are not admissible and will be excluded. Accordingly, Farris' motion is GRANTED as to these opinions.

Opinions (1), (2), (10), and (15), however, concern the application and contents of regulations and standards for the commercial trucking industry. The trier of fact would be helped by a discussion of these specialized topics, in which Ellis has a demonstrated expertise. Accordingly, Farris' motion is DENIED as to those opinions.

Neither party has included the entirety of Ellis' report, so the Court is unable to determine the specific bases for each of Ellis' numbered opinions, or whether the numbered list represents a distillation of more thorough reasoning that might be given elsewhere in the report. The record does not reflect whether the excluded opinions are the product of the reliable application of reliable methods to facts and data of which Ellis has been made aware. Accordingly, if Defendants are able

to show at trial that any excluded opinions are properly based on reliable application of reliable methodologies, they may re-urge admission of those opinions.

Furthermore, Defendants provide a list of opinions they intend to elicit from Ellis at trial that originate in Ellis' deposition rather than his expert report. [ECF No. 72 at 11-13] Farris' motion concerns only the opinions in Ellis' report, and consequently the Court will not determine whether the opinions in the deposition are admissible. The Court notes, however, that if the opinions in the deposition are challenged, the standard set forth above will apply with equal force: to the extent an opinion informs about industry standards or regulations and opines on whether certain conduct would run afoul of them, it is likely to be admissible; to the extent an opinion touches on mental state, makes a conclusion as to causation, or allocates fault between the parties, it will be excluded.

For the reasons set forth above, Farris' Motion *in Limine* to Exclude the Expert Testimony of Rodney D. Ellis, II [ECF No. 59] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to opinions (3), (4), (5), (6), (7), (8), (9), (11), (12), (13), (14), (16), and (17) in Ellis' expert report, which are EXCLUDED. The motion is DENIED as to the remaining opinions in the report.

THUS DONE in Chambers on this 24th day of March, 2021.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**