**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JEREMY FARRIS** | **CASE NO. 6:19-CV-00108 LEAD** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BRIAN DANA JEFFERSON, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

**ORDER and REASONS**

Before the Court is a Motion in Limine filed by Defendants Brian Dana Jefferson, Michael Bishop, and National Liability & Fire Insurance Company. [ECF No. 61]. Pursuant to their motion, Defendants seek an Order limiting the testimony of Michael Gillen, Plaintiff's accident reconstruction expert. Specifically, Defendants seek to prohibit Gillen from: (1) "offering any testimony regarding alleged violations of statutes or traffic laws," and (2) "offering any comment and/or critique regarding the PFTrack software package utilized by Dusty Arrington [Defendants' video analysis expert]." *Id.* Plaintiff has filed an opposition to the motion [ECF No. 73], to which Defendants have filed a reply [ECF No. 76]. For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

This suit arises out of a motor vehicle accident occurring in a construction zone on Interstate 10 in Lafayette, Louisiana. At the time of the accident, Defendant Brian Jefferson, who was operating an 18-wheeler, was travelling in the inside left lane of the highway. [ECF No. 56-1 at 3]. Plaintiff Jeremy Farris, who was operating a dump truck in the construction zone, left the construction zone and entered into the left lane of I-10 in

front of Jefferson. Approximately twelve seconds after Farris entered the highway, he was rear-ended by Jefferson. [ECF No. 56-1 at 3; ECF No. 66 at 2].

1.  **Gillen's testimony addressing violations of Louisiana traffic laws**

Defendants move the Court for an Order precluding Gillen "from offering any testimony regarding alleged violations of statutes or traffic laws," including "legal duties, legal obligations, and other restrictions imposed by Louisiana law and whether any of Jeremey [sic] Farris or Brian Jefferson's actions, or inactions, violated those duties, obligations, restrictions, and/or were illegal." [ECF No. 61 at 1]. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony and reports. A witness may be qualified as an expert through knowledge, skill, experience, training, or education. Fed. R. Evid. 702. A qualified expert may testify as to his or her opinion if that opinion is based upon sufficient facts and data, the opinion is the result of the application of reliable principles and methods to the facts of the case, and the expert's "scientific, technical, or other specialized knowledge" will help the finder of fact understand the evidence or determine a fact at issue. *Id.* An expert's opinion may be based on "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Rule 704 provides that an expert's opinion "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, this rule "does not open the door to all opinions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983). "[Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted." *Id.* Similarly, an expert "cannot 'render conclusions of law' or provide opinions on legal issues." *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (quoting *Goodman*

*v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)). This is so, because "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen* at 240. As noted by the Fifth Circuit, "The task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one." *Id.*

In support of their motion, Defendants recite a number of statements from Gillen's expert report which they allege are improper legal conclusions:

1. "Speeding is a violation of Louisiana Law."

2. "Louisiana law requires traffic to stay in the right lane unless executing a passing maneuver."

3. "Mr. Farris had a legal obligation to ensure he could enter onto the interstate safely and did so ..."

4. "Mr. Jefferson had the legal obligation to obey the speed limit and not use the left lane."

5. "... failing to adhere to the reduced speed limit ... "

6. "... illegally occupying the left lane ..."

7. "Mr. Jefferson violated LA RS 32:71, 'Driving on right side of road; exceptions,' by driving for an extended period in the left lane."

8. "Mr. Jefferson violated LA RS 32:64, 'General Speed Law,' driving at 67mph in a 60mph zone." "Mr. Jefferson violated LA RS 32:56, 'Obedience to police officers, weights and standards police officers, and traffic signs,' by failing to comply with the instructions of the traffic control signs posted in the construction zone."

9. "Mr. Jefferson violated LA RS 32:58 'Careless Operation' for failing to maintain control of his vehicle."

[*See* ECF No. 61-1 at 1-2]. Plaintiff responds that Gillen's statements that Jefferson was "speeding" and "violating traffic laws on lane usage" are not legal conclusions, but rather

are "factual conclusions based on the testimony and admissions" of Jefferson in his deposition and the "visual observation of the video of the accident." [ECF No. 73 at 6].

The Court notes that statements 1 and 2 are not Gillen's testimony. Rather, those are statements Gillen summarized from the deposition of Officer Alyssa Landry, a Lafayette police officer who responded to the accident scene. [ECF No. 61-2 at 6]. While these statements may be excluded for other reasons (*i.e.* hearsay, relevance, etc.), the Court will not exclude them on the grounds argued. Statements 3 and 9 are clearly inadmissible as they invade the province of the Court to instruct the jury on the applicable law, and they invade the province of the jury by effectively instructing it as to the legal conclusions to be drawn from the evidence. The remaining statements (4 through 8) are a closer question. Jefferson testified in his deposition that at the time of the collision, he was exceeding the speed limit and travelling in the left lane of the highway. [ECF No. 73-1 at 3]. Accordingly, it would certainly be proper for Gillen to assume such facts when rendering his opinion. Fed. R. Evid. 703. However, Gillen will not be permitted to testify in the manner in which his report is written—i.e., he will not be permitted to state his opinion as to legal standards, nor to state legal conclusions drawn by applying the law to the facts of this case. However, he will be permitted to refer to the law in explaining his opinion. While Plaintiff's counsel may urge the jury to reach certain legal conclusions, Gillen may not do so as an expert witness. Rather, the Court will instruct the jury as to the controlling legal principles, and the jury will be permitted to decide whether Jefferson's actions were the cause of Plaintiff's damages.

**2. Gillen's testimony addressing PFTrack Software**

Defendants additionally seek an Order precluding Gillen "from offering any comment and/or critique regarding the PFTrack software package utilized by Dusty Arrington [Defendants' video analysis expert], specifically including any comment and/or critique that the software was improperly utilized for accident reconstruction, or that Dusty Arrington's utilization of the software was in error." [ECF No. 61 at 1; *see also* ECF No. 61-1 at 5]. Defendants argue that Gillen is not an expert in video analysis, and therefore his testimony on this topic is impermissible. According to Defendants, "despite having no qualifications or experience whatsoever using the PFTrack software package, Gillen attempted to replicate and then critique Arrington's video analysis." [ECF No. 61-1 at 6]. Gillen then testified at his deposition that the PFTrack software package is unreliable and was not intended to be used in the manner utilized by Arrington. *Id.* Plaintiff responds by pointing out various alleged flaws in Mr. Arrington's methodology and the reliability of his testing. [ECF No. 73 at 7-8]. According to Plaintiff:

> The reason Mr. Gillen's critique in this matter is important, is because Mr. Arrington is using a novel, untested and untestable theory to produce the results that the defendants' [sic] are looking for. Indeed, Mr. Arrington manipulated the video by removing half the frames in his video analysis, manually enters track points that cannot be duplicated or tested, and applied the program in a way that has never been done in any accident reconstruction before. Given Mr. Arrington's questionable and untestable use of the PFTracksoftware, plaintiff should allow his expert, whose engineering team could not duplicate the results Mr. Arrington manipulated the facts to achieve, to offer criticism of the use of the PFTrack analysis at the trial of this matter.

*Id.* (footnotes omitted).

While the Court does not doubt this is an important area for Plaintiff's counsel to attack, he has not shown Mr. Gillen is competent to aid him in this endeavor. Other than unsubstantiated argument[1], Plaintiff has not pointed the Court to any evidence of Gillen's qualifications to opine that Arrington improperly utilized the PFTrack software for purposes of reconstructing the accident in this matter. Federal Rule of Evidence 702 requires that an expert be properly qualified before providing opinion testimony. Because Plaintiff has not shown that Gillen is qualified to attack the use and/or application of the PFTrack Software utilized by Arrington, Defendant's motion will be granted with regard to this portion of Gillen's testimony.

## **Conclusion**

For the reasons stated by the Court, Defendants' Motion in Limine is GRANTED IN PART and DENIED IN PART, and Gillen's testimony will be limited as set forth above.

THUS DONE in Chambers on this 29th day of March, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[1] *See e.g.* ECF No. 73 at 5 (arguing, without supporting evidence, that Gillen "and his team of engineers have performed hundreds of video analysis reconstructions).