UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JEREMY FARRIS** | **CASE NO. 6:19-CV-00108 LEAD** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BRIAN DANA JEFFERSON, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

**ORDER and REASONS**

Before the Court is Plaintiff's Motion in Limine on the Introduction of Cumulative Evidence. [ECF No. 106]. Pursuant to the motion, Plaintiff moves the Court to exclude at trial "the introduction of cumulative and irrelevant evidence from the testimony of Accident Reconstruction Specialists Brent Munyon and Dusty Arrington."[1] [ECF No. 106-1 at 7]. Defendants oppose the motion. [ECF No. 116]. For the reasons that follow, the motion is DENIED.

Defendants retained two expert witnesses who each work for A&M Forensics and Engineering, Inc.—Dusty Arrington and Brent Munyon. [*See* ECF Nos. 106-2 & 106-3]. Mr. Arrington has Bachelor and Master of Science degrees in Civil Engineering. [ECF No. 106-3 at 2]. Mr. Munyon has a master's degree in forensic science. [ECF No. 116-3 at 4]. Mr. Arrington was retained to perform an analysis of Defendants' dash camera video in order to determine the actual speed of the vehicles involved in the accident sued upon and distances between points on the video. Mr. Arrington does not render an opinion with regard to causation. Mr. Munyon used the opinions and calculations of Mr. Arrington to develop opinions as to time, distance and causation.

---

[1] Elsewhere, Plaintiff asks the Court "to limit or strike the opinions of Mr. Munyon and ultimately preclude the Defendants from offering cumulative and irrelevant evidence." [ECF No. 106-1 at 2].

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. However, "[b]ecause Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004 (5th Cir. 1998) (quoting *U.S. v. Morris*, 79 F.3d 409, 411 (5th Cir. 1996)). The Fifth Circuit has not put a precise limit on the number of experts that can testify regarding a particular issue. *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989). "Multiple experts may testify to the same conclusion if they approached their individual analyses from separate 'vantage points.'" *Parker v. John W. Stone Oil Distributors, L.L.C.*, CV 18-3666, 2019 WL 2717017, at *3 (E.D. La. June 28, 2019) (quoting *Sanchez v. Swift Transp. Co. of Ariz., LLC*, No. 4:15CV15-LG, 2017 WL 5643554 (W.D. Tex. July 19, 2017)).

The Court has reviewed the reports of Mr. Arrington and Mr. Munyon and finds they are not impermissibly cumulative. As noted, the two experts were each retained to serve different purposes and conducted their evaluations from different "vantage points." While Mr. Munyon relies on many of Mr. Arrington's calculations to render his own opinions, this does not make the reports duplicative. Accordingly, Plaintiff's Motion in Limine on the Introduction of Cumulative Evidence [ECF No. 106] is DENIED.

THUS DONE in Chambers on this 25th day of October, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE